```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


LUXURY MORTGAGE CORPORATION,    :
   Plaintiff,                   :
                                :
v.                              :      Case No. 3:05-CV-1169(AVC)
                                :
CECILE COLE; and RAYMOND        :
COLE,                           :
   Defendants.                  :
```

**RULING ON THE DEFENDANT'S MOTION TO DISMISS**

This is an action for damages, injunctive relief, and a declaratory judgment. It is brought pursuant to the Connecticut Uniform Trade Secrets Act, Conn. Gen. Stat. § 35-51 et seq., and common law tenets concerning contract and tort law. The plaintiff, Luxury Mortgage Corporation ("Luxury Mortgage"), alleges that its former employee, Cecile Cole, breached her employment contract, and with the assistance of her husband, the co-defendant, Raymond Cole, misappropriate proprietary information.

Raymond Cole now moves to dismiss the action against him pursuant to Federal Rule of Civil Procedure 12(b)(2). Specifically, Cole argues that the court lacks personal jurisdiction over him, because he neither lives nor conducts business in the district of Connecticut, and has not committed a tortious act within or affecting Connecticut. Luxury Mortgage has not responded to the within motion.

"On a Rule 12(b)(2) motion to dismiss for lack of personal

jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 566 (2d Cir. 1996)(citations omitted). Where the district court has permitted the parties to engage in discovery, but has not convened an evidentiary hearing concerning the court's personal jurisdiction over a defendant, the plaintiff must make a prima facie showing that includes "an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." Id. at 567. (citations omitted).

Where subject-matter jurisdiction is predicated upon diversity of citizenship, a district court will look to the law of the forum state to resolve the question of personal jurisdiction as to an out-of-state party. See Arrowsmith v. United Press Int'l, 320 F.2d 219, 231 (2d Cir. 1963). Under Connecticut's "long-arm" statute, courts may assert personal jurisdiction over a non-resident who: "(1) Transacts any business within the state; (2) commits a tortious act within the state, . . . ; (3) commits a tortious act outside the state causing injury to person or property within the state, . . . if such person . . . (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have

2

consequences in the state and derives substantial revenue from interstate or international commerce; (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer, . . . or a computer network . . . located within the state." Conn. Gen. Stat. § 52-59b(a).

As the plaintiff has not responded to the within motion, the court looks to the operative complaint to ascertain whether the allegations contained therein, if credited, would suffice to establish jurisdiction over Raymond Cole. While the complaint alleges various tortious acts on the part of Cole, it does not allege that these acts occurred within the state of Connecticut, nor does it allege any other facts that would bring him within the scope of Connecticut's long arm statute. See Conn. Gen. Stat. § 52-59b(a). As such, Luxury Mortgage has failed to met its burden to establish the court's jurisdiction over Raymond Cole. Therefore, the motion to dismiss the complaint (document no. 97) is GRANTED, as to Raymond Cole.

It is SO ORDERED this 21st of March, 2007, at Hartford, Connecticut.

/s/
_____
Alfred V. Covello, U.S.D.J.